```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```
_____

BMO HARRIS BANK, N.A.,        )
                              )
    Plaintiff,                )
                              )
v.                            )    No.: 2:23-CV-02318-SHM-atc
                              )
                              )
GREGORY BELLAND,              )
                              )
    Defendant.                )

_____

**ORDER DENYING MOTION FOR DEFAULT JUDGMENT AS MOOT AND
STAYING AND ADMINISTRATIVELY CLOSING CASE**

_____

    Before the Court is Plaintiff BMO Harris Bank, N.A.'s September 12, 2023 Motion for Default Judgment and its October 17, 2023 Suggestion of Bankruptcy Upon the Record as to Defendant Gregory Belland.  (ECF Nos. 12, 13.)

    On May 18, 2023, Plaintiff sued Defendant for breach of contract.  (ECF No. 1.)  Plaintiff alleges that it entered a loan agreement with a company owned by Defendant, but that the company defaulted on the agreement by failing to make timely payments. (Id. at ¶¶ 7-9.)  Plaintiff asserts that Defendant then executed a Continuing Guaranty, assuring the prompt payment of his business's loan obligation. (Id. at ¶¶ 17-19.)  Plaintiff alleges that Defendant breached this second contract by failing to make payments to cure his company's default.  (Id.)

Defendant failed to respond to the Complaint. On Plaintiff's Motion, the Clerk of Court entered default against Defendant on August 29, 2023. (ECF No. 11.) Plaintiff moved the Court for default judgment on September 12, 2023. (ECF No. 12.) On October 16, 2023, Plaintiff filed a Suggestion of Bankruptcy Upon the Record as to Defendant. (ECF No. 13.)

On October 15, 2023, Defendant filed for Chapter 13 bankruptcy under in the U.S. Bankruptcy Court for the Western District of Tennessee. In re Belland, No. 23-25100 (Bankr. W.D. Tenn., filed Oct. 15, 2023). Section 362 of the Bankruptcy Code automatically stays all other actions "to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 18 U.S.C. § 362; see also United States v. Robinson, 494 B.R. 715, 718 (W.D. Tenn. 2013) (discussing the automatic stay provision).

IT IS THEREFORE ORDERED that this matter be stayed and administratively closed pending further direction from the Trustee and/or U.S. Bankruptcy Court for the Western District of Tennessee. Plaintiff's Motion for Default Judgment is DENIED as moot.

SO ORDERED this 24th day of May, 2024.

/s/ Samuel H. Mays
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE